**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| LARRY JAMES WILLIAMS, JR, ) | | |
| ID # 30717-177, ) | | |
| Movant, ) | | No. 3:11-CV-3174-N (BH) |
| vs. ) | | No. 3:03-CR-0139-N (01) |
| ) | | |
| UNITED STATES OF AMERICA,[1] ) | | |
| Respondent. ) | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct his sentence should be **DENIED** with prejudice as barred by the statute of limitations.

**I. BACKGROUND**

Larry James Williams ("Movant"), an inmate in the federal prison system, filed a *Petition for Writ of Habeas Corpus by a Person in Federal Custody* ("Mot.") that was received on November 16, 2011. He also filed a memorandum in support entitled, *In Support of 28 U.S.C. 2241(c)(3) Motion for Relief With a Memorandum of Law & Ground: In This Illegal Sentence to Withdawal [sic] of Guilty Plea Unknowingly & Involuntary as to Assistance of Consel With Writ of Error Coram Nobis as to Rule 35 Motion . . .* (Mot. at 9). The petition refers to movant's sentence in Cause No. 3:03-CR-0139-N. (Mot. at 2-3).

Movant was charged in that case with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) on May 7, 2003. (*See* doc. 1).[2] He pled guilty pursuant to a

---

[1] Because movant challenges his federal conviction, the United States of America is substituted as respondent in this case.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:03-CR-139-N.

plea agreement on July 25, 2003, and on October 23, 2003, he was sentenced to 180 months imprisonment, followed by a four-year term of supervised release. (docs. 26, 33).

Movant appealed his conviction, and the Fifth Circuit Court of Appeals affirmed it and his sentence in an unpublished opinion on September 10, 2004. *United States v. Williams*, No. 03-11144 (5th Cir. Sept. 10, 2004). Movant did not file a petition for writ of certiorari with the United States Supreme Court, and he has not filed a motion to vacate his sentence under 28 U.S.C. § 2255.

## II. NATURE OF SUIT

Although movant's memorandum characterizes his petition as filed under 28 U.S.C. § 2241(c)(3), his petition challenges his federal conviction and sentence, alleging that his sentence was improperly enhanced, his attorney was ineffective, and his guilty plea was involuntary. (Mot. at 4-6). Section 2255 provides the primary means of "collaterally attacking a federal sentence" and is the appropriate remedy for "errors that occurred at or prior to the sentencing," whereas § 2241 is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Padilla v. United States,* 416 F.3d 424, 425-426 (5th Cir. 2005) (internal quotations and citations omitted). A petition filed under § 2241 is not a substitute for a § 2255 motion. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

A § 2241 petition that seeks to challenge the validity of a federal sentence, *i.e.*, by attacking errors that occurred at trial or sentencing, must either be dismissed or construed as a § 2255 motion. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). However, if a petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his or her detention, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the "savings clause" of § 2255. *Padilla*, 416 F.3d at 426. That clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized

> to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers*, 253 F.3d at 830. A petitioner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. *See Pack*, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that successiveness does not make § 2255 ineffective or inadequate).

Here, movant does not specifically invoke the savings clause of § 2255 so that he may pursue his claims under § 2241. He neither contends nor meets his burden to show that § 2255 is either ineffective or inadequate because he does not demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was 'actually innocent' of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in prior § 2255 petition. *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003).

Movant also appears to seek a writ of error coram nobis. (Mot. at 9). The writ of coram nobis "is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate his criminal conviction." *United States v. Hatten,* 167 F.3d 884, 887 n.6 (5th Cir. 1999). Because movant is still in custody, this remedy is not available to him.

Finally, to the extent that movant moves for relief from judgment under Fed. R. Civ. P. 60(b)

the Supreme Court has held that a motion for relief from judgment that seeks to advance one or more substantive claims qualifies as a habeas petition, whereas a motion for relief from judgment that challenges only a district court's previous ruling precluding a merits determination is not the equivalent of a habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). Movant does not merely challenge the judgment in his criminal case; he advances several substantive claims. This Court therefore construes his filing as a motion to vacate under 28 U.S.C. § 2255 challenging his federal conviction and sentence in that case. *See Pack*, 218 F.3d at 452. The respondent is the United States of America ("Government").

## III. STATUTE OF LIMITATIONS

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). With regard to § 2255(f)(1), movant's conviction became final on December

9, 2004, when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). Movant does not allege that government action prevented him from filing a § 2255 petition earlier, and he has not alleged any newly recognized right. Therefore, neither § 2255(f)(2) or (3) apply in this case. In his motion, movant contends that his sentence was illegally enhanced, that his plea was involuntary, and that his trial attorney was ineffective. (Mot. at 3-6). Therefore, with regard to § 2255(f)(4), the facts supporting this claim became known or could have become known through the exercise of due diligence prior to the date movant's conviction became final. Because December 9, 2004, the date movant's conviction was final, is the latest of the dates under § 2255(f), the one-year statute of limitations began to run from that date. Because movant did not file his § 2255 motion until November of 2011, almost seven years after this date, his motion to vacate is untimely in the absence of equitable tolling.[3]

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from

---

[3] To the extent that movant is asserting that his conviction for being a felon in possession of a firearm was enhanced in violation of *Begay v. United States*, 553 U.S. 137 (2008), and that *Begay* is a newly recognized right held retroactive (Mot. at 4-5), *Begay* was handed down by the Supreme Court on April 16, 2008. Because movant did not file his § 2255 motion until November of 2011, over three years after this date, his motion to vacate is still untimely in the absence of equitable tolling.

asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by s state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, movant presents no argument or evidence that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier. Because movant has not met his burden to establish circumstances warranting equitable tolling, his motion to vacate should be denied as untimely.

### IV. RECOMMENDATION

The Court should find Movant's motion to vacate, set aside, or correct sentence barred by the statute of limitations and **DENY** it with prejudice.

**SIGNED this 21st day of November, 2011.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE